**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

RASHI'D QAWI' AL-AMI'N, #1122828,

    Petitioner,

v.                                                                               ACTION NO. 2:13cv167

HAROLD W. CLARKE,
Director, Va Dept. of Corr.,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I.  STATEMENT OF THE CASE**

On May 31, 1990, Petitioner Rashi'd Qawi' Al-Ami'n ("Al-Ami'n") was convicted in the Circuit Court for the City of Norfolk of murder and use of a firearm in commission of a felony. Al-Ami'n was sentenced to a total of 52 years.  He is presently serving his term of imprisonment in the Greensville Correctional Center.  Al-Ami'n's instant petition does not challenge any aspect of his conviction, but rather the Commonwealth's denial of parole.

In August 1997, Al-Ami'n became eligible for discretionary parole consideration.  The Virginia Parole Board ("Parole Board") heard, considered, and denied Al-Ami'n for discretionary parole in 1997, 1998, 2001, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012.

ECF No. 7-1. The Parole Board consistently indicated the reason Al-Ami'n was not granted parole on those occasions was due to the "serious nature and circumstances of the offense," and several times the Board indicated that in addition to the serious nature of the offense, Al-Ami'n was denied parole due to "crimes committed." *Id.* Once, in 2001, the Board listed a record of major institutional infractions as a reason. *Id.* In 2012, the Parole Board listed six reasons why Al-Ami'n was not granted parole, including: (1) the serious nature and circumstances of the offense, (2) "all of the offender's records," (3) a history of violence that indicated a serious risk to the community, (4) release at that time would diminish the seriousness of the crime, (5) the risk to the community, and (6) crimes committed. *Id.* After this suit was filed, Al-Ami'n received notice from the Parole Board regarding his 2013 parole review; the Board denied parole, citing only the serious nature of the offense and the fact that release at this time would diminish the seriousness of the crime. ECF No. 2.

Al-Ami'n filed a timely petition for writ of habeas corpus with the Supreme Court of Virginia, which was denied for being noncognizable under habeas corpus review on September 26, 2012. *Al-Ami'n v. Dir. of the Dep't of Corrections*, Record No. 121290 (Va. Sept. 26, 2012). The Supreme Court of Virginia also denied Al-Ami'n's petition for rehearing on November 8, 2012. *Al-Ami'n v. Dir. of the Dep't of* Corrections, Record No. 121290 (Va. Nov. 8, 2012).

On April 2, 2013, Al-Ami'n filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. Green asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> (1) the Virginia Parole Board's 2012 decision, indicating six reasons for his being denied parole, was retaliatory and arbitrary and capricious, and thus denied him due process under the law; and

2

>   (2) the Virginia legislature's enactment and retroactive application of Virginia Code Section 53.1-43.1, requiring that ten percent of all money received or earned by an inmate, up to $1000, be placed into a special trust account that cannot be accessed until release, constitutes an ex post facto law in violation of U.S. Const. art. I, § 10, cl. 1.

Pet. For Habeas Corpus 5-6, ECF No. 1. On May 15, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 5 and 6. Plaintiff filed a Response in Opposition to Respondent's Motion to Dismiss on June 7, 2013. ECF No. 9.

To the extent that the Petitioner has requested an evidentiary hearing, the Court DENIES the request, as purely legal issues are presented and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's grounds must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the grounds presented in this petition have been exhausted because Green raised them in his most recent state habeas petition to the Supreme Court of Virginia.

3

**B.     Standard of Review**

Pursuant to 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

**C.     Merits**

*1. Due Process*

Al-Ami'n asserts that the Virginia Parole Board, by denying him parole for six reasons in 2012 instead of the usual one or two and including language and reasons not previously used to deny his parole, acted in an was retaliatory and arbitrary and capricious manner, and denied him due process under the law. The controlling standard for such claims proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 131 S. Ct. 859, 861, 2011 WL 197627 (2011).

Prisoners have no fundamental constitutional right to parole. *Id.* at 862; *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir.1989) (citing *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Although under no obligation to, Virginia established a parole system to determine whether prisoners may be released on parole. *See* Va. Code § 53.1-151 (2010) (establishing a prisoner's eligibility for parole). "The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." *Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008) (citing *Hill v. Jackson*, 64 F.3d 163, 170-71 (4th Cir. 1995)); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991). However, prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole. *Hill*, 64 F.3d at 170; *Neal*, 2008 WL 728892, at *2 (emphasis added).

Assuming that prisoners have some liberty interest in parole, it follows then that there must be some level of due process afforded. The Fourth Circuit has held that "where [a] court has

5

found that a parole statute establishes a liberty interest, . . . inmates are entitled to no more than minimal procedure." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Indeed, the Supreme Court has held that "[i]n the context of parole, . . . the procedures required are minimal." *Cooke*, 131 S. Ct. at 862. "The Constitution does not require more." *Id.* (quoting *Greenholtz*, 442 U.S. at 16). Thus, this Court reviews the record to determine whether Al-Ami'n was afforded the requisite minimal procedures.

Minimal procedures, in the case of reviewing parole board decisions, do not involve reviewing the substance or merits of a decision; instead, this Court can look only to whether the decision itself violates the procedures mandated by the constitution, statute, regulations, or other restrictions. *Allen v. Cauley*, Civil Action No. 1:11-0337, 2013 WL 2458526 (S.D.W. Va. June 6, 2013), *citing Page v. Pearson*, 261 F. Supp. 2d 528, 530 (E.D. Va 2003) *and Gruber v. United States Parole Comm'n*, 792 F. Supp. 42 (N.D.W. Va. 1992).[1]

To satisfy the minimal procedures, the Fourth Circuit has held that "[i]n the parole setting, procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986) (citing *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (en banc)); *see also Vann*, 73 F.3d at 522. Moreover, the Fourth Circuit has also noted that there is "no constitutional requirement that each prisoner receive a personal hearing, have access to his files, or be entitled to call witnesses on his behalf to appear before the Board." *Franklin*, 569 F.2d at 800.

---

1 Al-Ami'n cites *Wren v. United States Board of Parole*, 389 F.Supp. 938 (N.D. Ga. 1975) for the concept that this Court reviews parole board determinations on the merits if the parole board has acted in an arbitrary and capricious manner. This does not apply here for two reasons: first, because the case is from the District Court for the Northern District of Georgia, residing in the Eleventh Circuit, so it has no precedential value here; and second, and more importantly, because in that case the petitioner was challenging his federal parole determination, which has a different standard of review in the federal courts than challenges to state parole board decisions.

Based on the record, the Court finds that the minimum procedures adequate for due process protection were met. Al-Ami'n received a letter containing a statement of reasons that parole was denied, which was slightly more thorough in 2012 than in the years prior.[2] Al-Ami'n does not challenge the actual process of the parole board hearings, but instead argues that the Parole Board's decision in 2012, listing six reasons for denial of his parole, was arbitrary and capricious. This Court cannot, on habeas review, examine further than to ensure the minimal process requirement of providing a statement of reasons was met.

### 2. Ex Post Facto Law Challenge

In Ground 2, Al-Ami'n alleges that the Virginia legislature's enactment and retroactive application of Virginia Code Section 53.1-43.1, requiring that ten percent of all money received or earned by an inmate, up to $1000, be placed into a special trust account that cannot be accessed until release, constitutes an ex post facto law in violation of U.S. Const. art. I, § 10, cl. 1. The remedy Al-Ami'n seeks for this ground is access to the money that has been withheld from his account. 28 U.S.C. § 2254(a) states that a prisoner can bring a case under habeas corpus "only on the ground that he is in custody." Because Virginia Code Section 53.1-43.1 does not alter or change the ground on which Al-Ami'n is in custody, this challenge is not cognizable under a habeas corpus petition. The Court also declines to construe Al-Ami'n's habeas corpus petition as a Section 1983 action, though does not prevent Al-Ami'n from filing a separate Section 1983 action bringing this claim.

---

[2] The affidavit of William W. Muse states that the parole board implemented a new policy in 2012 to give prisoners more information about why parole was being denied, in an attempt to alleviate prisoner complaints that the Parole Board did not provide enough information. ECF No. 7-3.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and the petition for a writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED.

Ground 1 should be DENIED because Al-Ami'n was given the minimal process due in his Parole Board hearing, and the citation of extra reasons in his 2012 denial letter do not change the fact that minimal procedures required under the law were met.

Ground 2 should be DISMISSED because the complaint brought and relief sought are not cognizable under federal habeas. However, these claims should be DISMISSED without prejudice, allowing Al-Ami'n the opportunity to bring them as a Section 1983 claim if he so chooses.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                    /s/
                Tommy E. Miller
       United States Magistrate Judge

Norfolk, Virginia
December 11, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Rashi'd Qawi' Al-Ami'n, #1122828
Coffeewood Correctional Center
12352 Coffeewood Dr.
Mitchells, VA 22729

Richard Carson Vorhis, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

December 12, 2013