## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

RASHI'D QAWI' AL-AMI'N, #1122828,

    Petitioner,

v.                                                   ACTION NO. 2:13cv167

HAROLD CLARKE,
Director, Va Dept. of Corr.,

    Respondent.

## FINAL ORDER

    Petitioner, a Virginia inmate, submitted a *pro se* petition, pursuant to 28 U.S.C. § 2254. The Petition alleges a violation of federal rights pertaining to Petitioner's convictions in the Circuit Court for the City of Norfolk on May 31, 1990, of murder and use of a firearm in the commission of a felony. As a result of the convictions, Petitioner was sentenced to serve a total of fifty-two years in the Virginia penal system. The Petition, however, pertains not to Petitioner's original sentence, but to (1) the Virginia Parole Board's denial of his discretionary parole in 2012, which Petitioner claims was done for arbitrary and capricious reasons and violated his due process rights, and (2) the Virginia legislature's enactment and retroactive application of Virginia Code Section 53.1-43.1, which Petitioner claims is an ex post facto law in violation of U.S. Const. art. I, § 10, cl. 1.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and

Recommendation, filed December 11, 2013, recommends that Respondent's motion to dismiss be granted and the petition for a writ of habeas corpus be denied. On December 30, 2013, the Court received Petitioner's Objection to the Magistrate Judge's Report and Recommendation. ECF No. 13.

Petitioner objects to the Magistrate Judge's Report and Recommendation first because he claims the Magistrate Judge misstated his claim that his parole was being arbitrarily and capriciously denied, by characterizing the claim solely as a challenge of his denial of parole. Pet'r's Obj. to Mag. J.'s Rept. and Recommendation 1, ECF No. 13. This error is harmless, as the Magistrate Judge's characterization still captures the essence of Petitioner's claim, which is that he was denied parole. Petitioner also claims that the Magistrate Judge misstates a reason listed in the Parole Board's 2013 letter denying Petitioner's parole, that "release at this time would diminish the seriousness of the crime." *Id.* Upon reviewing Petitioner's Exhibit X, to which he refers, this Court finds that the reason above stated is indeed present in the Parole Board's 2013 letter denying him parole, at the bottom of the first page, listed beneath "serious nature and circumstances of offense." *See* Pet'r's Exhibit X 1, ECF No. 9-1.

Substantively, Petitioner argues that the Magistrate Judge, in discussing Petitioner's thirteen other parole denials, failed to include the fact that Petitioner was not considered for parole in 2002, and that Petitioner filed a § 1983 action in order to force the state to continue to consider him. Pet'r's Obj. 2, ECF No. 13. This Court assumes that the Magistrate Judge did so for brevity's sake, as that denial of consideration is not at issue in the current habeas.[1] To the extent that Petitioner offers this point as evidence of discrimination or arbitrariness in his dealings with

---

[1] To the extent that Petitioner is attempting to bring his 2002 denial of consideration for parole as a separate issue in this habeas corpus petition, that claim is DENIED, as Petitioner is considerably outside the one year statute of limitations period set in 28 U.S.C. § 2244(d) (2012), and has already received relief under 42 U.S.C. § 1983.

2

the Parole Board, this Court will consider it along with all other pertinent facts when making its decision.

The Magistrate Judge's legal assessment regarding the process due to Petitioner and the level of review this Court can perform, notwithstanding his typographical error,[2] is sound. The Magistrate Judge did not address each of the individual reasons in the 2012 letter denying Petitioner parole, nor Petitioner's contention regarding Mr. Muse's conflict of interest, because it is not for the federal courts to review the content and outcome of the Parole Board's actions; rather, this Court can only review to ensure that proper procedures were followed. This is because prisoners have no fundamental right to parole, and a prisoner's state-created interest in parole is a limited interest only in consideration for release, not in release itself. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861, 2011 WL 197627 (2011); *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995). Because there is limited liberty interest at stake, the procedures required by the due process clause of the Fourteenth Amendment are minimal. *See Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996).

The Court can only look at whether these minimal proper procedures were followed. This is laid out quite succinctly in *Robinson v. Fahey*, 366 F. Supp. 2d 368 (E.D. Va. 2005), where the court wrote:

> Virginia courts have made clear that the Virginia Parole Board is given absolute discretion in matters of parole. The Fourth Circuit has held that the Virginia Discretionary Parole Scheme does not grant an inmate a liberty interest in Parole. Here, [the petitioner] received a statement of the reason for denial of parole. That is, and was, the most to which he was entitled. . . . To put it plainly, a Virginia inmate's liberty interest in parole, if it exists at all, is so insignificant that he has no due process right to contest the validity of the reason for denial of parole. A

---

[2] The Magistrate Judge twice mistakenly refers to Petitioner as "Green," both in sections of boilerplate language. Mag. Rpt. & Recommendation 2 & 3, ECF No. 12. This error did not affect the meaning of any of his legal analysis, and was harmless error.

> Virginia inmate has, at most, a due process right to be given *a reason* for denial of parole. He does not have a due process right to *judicial review of the validity* of the reason given.

*Id.* at 371-72 (emphasis in original) (citations and quotation marks omitted). Thus, Petitioner's due process rights extend only to the receipt of a statement of reasons, and this Court's ability to review extends only to ensure he received that statement of reasons, and no more.

To the extent that Petitioner would have the ability to bring a challenge regarding the content of his parole denial letter, it would be an examination of the substantive due process of his parole process. As a general rule, "courts must be 'reluctant to expand the concept of substantive due process,' . . . 'lest the liberty protected by the Due Process Clause be subtly transformed into the policy preference of judges.'" *Hawkins v. Freeman*, 195 F.3d 732, 738 (4th Cir. 1999), *quoting Washington v. Glucksburg*, 521 U.S. 702, 720 (1997). Substantive due process review has not been extended to state parole board hearings, and given the Supreme Court's reluctance to extend this type of review beyond its current bounds, this Court declines to extend it now.

Even assuming for the sake of argument that Petitioner had the right and ability to challenge the reasons given, his challenge would fail. In cases like this, where an executive actor caused the alleged violation of one's substantive due process rights, the threshold question is whether the actor's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). If the claim fails on that count, i.e., does not shock the conscience, then the inquiry ends. *Hawkins*, 195 F.3d at 738. If the claim does shock the conscience, the court must inquire into the nature of the alleged interest, and the level of protection to which it is entitled. *Id.*

The "shocks the conscience" standard is rather nebulous, but has been fleshed out with

4

some more objective factors over time. This included an examination of whether the conduct is arbitrary, whether it involves abusing executive power and using it to oppress, and whether it is "intended to injure in some way *unjustifiable by any government interest.*" *Id.* at 742, *quoting Lewis*, 523 U.S. at 849. This standard is very high and difficult to meet; conduct that shocks the conscience is not just unfair, but has no rational or legal justification. A "shocks the conscience" inquiry must also be tailored to the exact circumstances of the individual. This case, even if Petitioner could ask for a substantive due process review, does not meet the standard of shocking the conscience. While Petitioner likely feels that the conduct is arbitrary and oppressive, nothing the parole board has done is arbitrary, outrageous, or unjustifiable by any government interest or action. To begin, Petitioner states that his denial of parole in 2012 is in retaliation for being victorious in a civil case. Pet'r's Br. 8, ECF No. 13. However, without looking specifically at the reasons given, the Parole Board's denial of parole was nothing new; Petitioner had been denied parole thirteen times before that, and on at least one occasion after. ECF Nos. 7-3, 9-1. There is no evidence that the Parole Board acted any differently toward Petitioner in 2012 than they did in any other year, except for the longer list of reasons.

Additionally, the parole board's actions are not unjustifiable in their execution. Petitioner was given additional reasons for his denial of parole in 2012, but there is evidence in the affidavit from Mr. Muse that this was because of an effort to provide parole-eligible prisoners with more information about why their applications were rejected.[3] Aff. Of William Muse 3, ECF No. 7-3. Mr. Muse indicated that the Parole Board attempted to list the various considerations made, including the nature of the offense, the length of the sentence, the time already served, the

---

[3] Though Mr. Muse does not directly state that this effort is a new policy, the Magistrate Judge could reasonably have interpreted it as such.

prisoner's criminal history, prior experience under supervision, the prisoner's risk to the community, the prisoner's personal and social behavior, institutional experience, and the release plan. Looking at the six reasons the Petitioner was provided, although it is true that four of them are not found in the Parole Board's Manual of Reasons (*Id.* at 25-26), those four reasons correspond with the Parole Board's considerations (*Id.* at 2, 21-24). Given Mr. Muse's indication that the Parole Board was attempting to provide insight into the process by which the Parole Board makes its decisions, the inclusion of these four reasons is justifiable. Petitioner also argues that two of the reasons for denying him parole do not apply to him: history of violence indicating a risk to the community and risk to the community. Pet'r's Obj. 4, ECF No. 13. However, considering that the crimes for which Petitioner is imprisoned are murder and use of a firearm in the commission of a felony, it is not unjustifiable for the parole board to find Petitioner may pose a risk to the community based solely on his offenses.

Finally, Petitioner contends that Mr. Muse has a conflict of interest because he represented the state on behalf of the Attorney General in a matter against Petitioner. Pet'r's Obj. 5, ECF No. 13. Mr. Muse, however, states in his affidavit that he does not recall the specific case, and that the case Petitioner alludes to was one where Petitioner was one of four plaintiffs. Aff. of William Muse 3-4, ECF No. 7-3. He also states that he has no prejudice against Petitioner because of the previous litigation. *Id.* at 3. Additionally, there are four other members of the Parole Board with whom Petitioner has had no prior dealings. Because of that, this Court does not believe Petitioner suffered prejudice in front of the Parole Board that would meet the high "shocks the conscience" standard. None of Petitioner's claims regarding his treatment by the parole board shock the conscience, so there is no need to proceed to the second part of the substantive due process test.

6

Petitioner's contention that his denial of parole was retaliatory and arbitrary and capricious is not cognizable under this habeas corpus review. Based on Fourth Circuit precedent, this Court can only review whether proper procedures were followed. In this case, Petitioner's being furnished with a statement of reasons for denial of his parole meets the minimal process that is due him. However, even if this Court were to entertain a substantive due process challenge, which it cannot, Petitioner would not meet the very high standard of the "shocks the conscience" test.

Regarding Petitioner's second claim, this Court agrees with the Magistrate Judge's conclusion that the claim is also not cognizable under habeas corpus review, because the relief sought does not relate to Petitioner's length of incarceration or possibility of release. The claim would properly be brought under 42 U.S.C. § 1983, and even at its broadest capacity for liberal construction of prisoner claims, this Court will not construe a claim filed as a habeas petition to be a claim under § 1983. This Court will, however, dismiss the claim without prejudice, allowing Petitioner to file the claim properly under § 1983.

Following a review and analysis of the record, the Court does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed December 11, 2013. Ground 1 is DENIED because this Court can only review denial of parole claims for proper procedure, which was followed here. Additionally, even if this Court could review for substantive due process claims, Petitioner would fail to meet his very high burden. Ground 2 is DENIED without prejudice to filing the claim pursuant to 42 U.S.C. § 1983, because it is not cognizable under federal habeas corpus review.

It is, therefore, ORDERED that Respondent's Motion to Dismiss (ECF No. 6) be granted, and the petition for a writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED. It is

further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

Raymond A. Jackson
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 11, 2014